IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 22-39-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| JOSHUA JAMES BURSHIA | |
| Defendant. | |

Defendant Joshua James Burshia a pretrial detainee represented by counsel in his federal criminal matter, has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 93.)  Burshia is currently at Devens Federal Medical Center undergoing an evaluation to determine his capacity to proceed in this matter.  (*Id*. at 2); *see also* (Doc. 82.)

Burshia appears to allege that he is being held based upon hearsay accusations, false swearing, and coercion.  (Doc. 93 at 5-6.)  Burshia acknowledges he has been represented by several different attorneys in these proceedings and suggests that he had difficulty with prior counsel.  (*Id*. at 8-9.)  Burshia states his proceedings have been prolonged and that he has not received a speedy trial.  (*Id*. at 13.)

1

In relevant part, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  Burshia acknowledges that he has not yet been sentenced by this Court.  Section 2255 does not apply as Burshia does not challenge a conviction or sentence via postconviction.  *See United States v. Crowell*, 374 F. 3d 790, 795 (9th Cir. 2004) ("In providing for relief pursuant to § 2255, Congress has provided a near-comprehensive scheme for *post-conviction* collateral relief for those in custody." (emphasis added)).

Section 2241 of Title 28 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'"  *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White v. Lambert*, 370 F. 3d 1002, 1006 (2004)).  Section 2241 provides the authority for granting habeas relief to a person who is not in custody pursuant to a judgment but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition.  *White*, 370 F. 3d at 1006.  Section 2241 allows Burshia to petition for a writ of habeas corpus if "he is in custody in violation of the Constitution or laws or treaties of the United States[.]"

28 U.S.C. § 2241(c)(3).

Burshia's petition does not allege such a circumstance. Burshia does not clearly assert an ineffective assistance claim against present counsel. Burshia apparently disagrees with the recent order that he undergo an additional evaluation. Burshia's disagreement with the evaluation that has been ordered in conjunction with the criminal proceedings does not convert his legal custody into illegal custody. If Burshia believes his custody to be illegal, he may move for a detention hearing or other appropriate proceedings in conjunction with the criminal case. A motion for habeas corpus relief is not a method for pursuing an interlocutory appeal in the criminal matter.

Finally, Burshia has filed this motion pro se despite the fact that he is currently represented in his criminal matter. A defendant has the right to represent himself in a criminal trial and he has the right to assistance of counsel. *Faretta v. California*, 422 U.S. 806, 819 (1975); *Powell v. Alabama*, 287 U.S. 45, 66 (1932). "A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." *United States v. Bergman*, 813 F. 2d 1027, 1030 (9th Cir. 1987). The Court may allow a defendant to proceed under such hybrid representation, but that decision rests "within the sound discretion" of the Court. *Id*. Burshia has not asked to represent himself nor has he requested hybrid representation. Accordingly, this motion will be dismissed without prejudice.

3

Burshia is directed to consult with counsel prior to filing any subsequent pro se motions.

Accordingly, IT IS ORDERED:

1.  Burshia's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 93) is DISMISSED without prejudice

2. The clerk shall ensure that all pending motions in CV 24-76-GF-BMM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 3rd day of September, 2024.

_____
Brian Morris, Chief District Judge
United States District Court

4