# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JOSHUA JAMES BURSHIA,<br><br>  Defendant. | CR-22-39-BMM-1<br><br>**ORDER** |

    Joshua James Burshia entered not guilty pleas to a two-count Indictment charging Burshia with aggravated sexual abuse and sexual abuse of a minor on June 7, 2022. (Doc. 2; Doc. 6.) The Government filed a Superseding Indictment on October 6, 2022, charging Burshia with attempted tampering with a victim. (Doc. 22.) The Government filed a Second Superseding Indictment on July 26, 2023, charging Burshia with kidnapping of a person under 18. (Doc. 22; Doc. 57.) Burshia has not been arraigned on the Second Superseding Indictment. (Doc. 138 at 8.)

    Dr. Bowman Smelko first evaluated Burshia for competency in August 2022. (Doc. 60 at 3.) Dr. Smelko found that though Burshia suffered from below-average intellectual capacity and several mental illnesses, Burshia's disorders did not prevent him from understanding the charges against him or assisting in his defense. (Doc. 60 at 3–4.) Burshia's communications to the Court and behavior at the arraignment

1

for the Second Superseding Indictment prompted the Government to move for Burshia's reevaluation due to his deteriorating condition. (Doc. 59; Doc. 60; Doc. 62; Doc. 64.)

The Bureau of Prisons found Burshia competent to stand trial but noted that Burshia's intellectual disability presented obstacles to his understanding of the proceedings against him. (Doc. 70.) Dr. Michael Scolatti evaluated Burshia and found that Burshia suffered from intellectual impairments and psychosis, namely delusions, that prevented Burshia from assisting in his defense. (Doc. 80-1.) The Parties stipulated to Burshia's incompetence, and the Court committed Burshia to the custody of the Attorney General for restoration proceedings in February 2024. (Doc. 81; Doc. 82.)

The Bureau of Prisons certified that Burshia had been restored to competency on October 18, 2024. (Doc. 97.) The Court began the competency hearing on December 18, 2024, (Doc. 118) and continued the hearing on February 2, 2025 (Doc. 136). The Government presented Dr. Miriam Kissin from the Bureau of Prisons, who testified that Burshia had been restored to competency consistent with her report. (Doc. 138 at 5.) Dr. Kissin testified that Burshia does not suffer from a mental disease or defect or experience symptoms limiting his ability to participate in his defense. (Doc. 97 at 22–23.) The Defense presented the testimony of Dr. Scolatti, Burshia, and Carolyn Adams, Burshia's aunt. (Doc. 138 at 5.) Dr. Scolatti

2

concluded that Burshia suffered from a delusional disorder and exhibited borderline intellectual functioning, which inhibited Burshia's ability to understand the charges against him, communicate with his attorneys, and participate in his defense. (Doc. 80-1.) Dr. Scolatti noted that Burshia's erratic and confused testimony at the hearing was consistent with Burshia's behavior and communication with Dr. Scolatti during previous evaluations. (Doc. 139 at 8.)

A preponderance of the evidence supports the conclusion that Burshia presently suffers from a mental disease or defect rendering him mentally incompetent, such that he cannot understand the nature and consequences of the proceedings against him or properly assist in his defense. Burshia was unable to articulate the charges against him, the potential penalties he faces, or basic facts about his counsel, his family, and himself, even his age. Dr. Scolatti's report indicates that Burshia's mental defects prevent him from assisting in his own defense, a conclusion supported by prior evaluations, Burshia's numerous ex parte communications to the Court, and his own testimony.

Among Burshia's psychological evaluations, Dr. Kissin's report alone asserts that Burshia does not suffer from any mental disorder. Even those reports finding Burshia competent to stand trial indicate that Burshia expressed delusional beliefs and possesses a limited understanding of the charges against him. (*See, e.g.*, Doc. 70 at 12–14.) Dr. Kissin's conclusion does not consider Burshia's failure to answer

standard competency questions. (Doc. 139-2.) The Government has not proven by a preponderance of the evidence that Burshia is competent to stand trial. The Court hereby commits Burshia to the custody of the Attorney General for Restoration Proceedings.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Burshia will be transferred to a Federal Medical Center, other than FMC Devans, as soon as practicable where he can undergo further restoration proceedings.

2. Burshia will remain committed to the custody of the Attorney General for hospitalization and treatment at the new Federal Medical Center to determine whether there exists a substantial probability that Burshia will attain the capacity to permit this case to go forward in the foreseeable future. 18 U.S.C. § 4241(d). Burshia is hereby committed for this purpose for a reasonable period, not to exceed four months.

3. The Attorney General or his representative at the Federal Medical Center to which Burshia is committed for competency restoration proceedings shall promptly notify the Court of the determination made regarding the probability that Burshia will regain capacity to proceed in the foreseeable future.

4. The Clerk of Court is directed to provide the United States Marshal Service with a copy of this Order. Any correspondence from the Federal Medical Center to the Court will be e-mailed to sara_luoma@mtd.uscourts.gov.

DATED this 14th day of February 2025.

_____
Brian Morris, Chief District Judge
United States District Court