THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOSHUA JAMES BURSHIA,<br><br>        Defendant. | CR-22-39-BMM-1<br><br>AMENDED ORDER ON COMPETENCY FOR TRIAL |

  Joshua James Burshia entered not guilty pleas to a two-count Indictment charging Burshia with aggravated sexual abuse and sexual abuse of a minor on June 7, 2022. (Doc. 2; Doc. 6.) The Government charged Burshia with attempted tampering with a victim in a Superseding Indictment filed on October 6, 2022. (Doc. 22.) The Government filed a Second Superseding Indictment on July 26, 2023, charging Burshia with kidnapping of a person under 18. (Doc. 22; Doc. 57.) Burshia has not been arraigned on the Second Superseding Indictment. (Doc. 138 at 8.)

## BACKGROUND

  Dr. Bowman Smelko ("Smelko") first evaluated Burshia for competency in August 2022. (Doc. 60 at 3.) Smelko found that Burshia suffered from below-average intellectual capacity and several mental illnesses. Smelko concluded, however, that Burshia's disorders did not prevent him from understanding the

1

charges against him or assisting in his defense.  (Doc. 60 at 3–4.)  Burshia's communications to the Court and behavior at the arraignment for the Second Superseding Indictment prompted the Government to move for Burshia's reevaluation due to his deteriorating condition.  (Doc. 59; Doc. 60; Doc. 62; Doc. 64.)

The Bureau of Prisons found Burshia competent to stand trial but noted that Burshia's intellectual disability presented obstacles to his understanding of the proceedings against him.  (Doc. 70.)  Dr. Michael Scolatti ("Scolatti") privately evaluated Burshia. Scolatti found that Burshia suffered from intellectual impairments and psychosis, namely delusions, that prevented Burshia from assisting in his defense. (Doc. 80-1.)  The parties stipulated to Burshia's incompetence, and the Court committed Burshia to the custody of the Attorney General for restoration proceedings in February 2024.  (Doc. 81; Doc. 82.)

The Bureau of Prisons first certified that Burshia had been restored to competency on October 18, 2024.  (Doc. 97.)  The Court held two hearings to determine Burshia's competency on December 18, 2024, and February 2, 2025.  (Docs. 118 & 136.)  The Government's expert witnesses testified that Burshia had been restored to competency consistent with the Bureau of Prisons certification.  (Doc. 138 at 5.)  Burshia's counsel presented the testimony of Scolatti, Burshia, and Carolyn Adams, Burshia's aunt.  (Doc. 138 at 5.)  Scolatti testified to his diagnoses

that Burshia suffered from a delusional disorder and exhibited borderline intellectual functioning that inhibited Burshia's ability to understand the charges against him, communicate with his attorneys, and participate in his defense. (Doc. 80-1.) The Court again committed Burshia to the custody of the Attorney General for restoration proceedings. (Doc. 141.) The Court determined that Burshia lacked the ability "to articulate the charges against him, the potential penalties he faces, or basic facts about his counsel, his family, and himself, even his age." (*Id*. at 3.)

Burshia submitted several letters to the Court from February 11 to October 30, 2025. (Doc. 169-1.) The Bureau of Prisons again certified Burshia had been restored to competency on September 17, 2025. (Doc. 155-1 at 2.) The Bureau of Prisons diagnosed Burshia with "unspecified anxiety disorder" and "malingering." (Doc. 155 at 33–34.) The Court began the competency hearing on December 15, 2025, (Doc. 173), and continued the hearing on January 15, 2026. (Doc. 180.)

The Government presented the opinions of Dr. Tracy O'Connor Pennuto ("O'Connor Pennuto") and Dr. John Robert Jones ("Jones"). (Doc. 173.) Both O'Connor Pennuto and Jones testified that Burshia proved competent to stand for trial. (*Id*.) O'Connor Pennuto concluded that Burshia's cognitive function remained broadly intact despite his low average performance in some of the neuropsychological assessments. (*Id*.) O'Connor Pennuto further noted that Burshia presented as "silly and childlike" at times during the assessment. (*Id*.) Jones noted

3

that Burshia demonstrated some traits of an inconsistent historian and malingering. (*Id*.) Jones further concluded that Burshia could understand the nature and consequences of his actions despite his low average cognitive functioning in some areas. (*Id*.) Jones hesitated on cross-examination to conclude that Burshia could assist in his defense. (*Id*.) Defense counsel presented the testimony of Burshia. (Doc. 180.)

## LEGAL STANDARD

Title 18 of the United States Code Section 4241 governs competency proceedings. The Government bears the burden of showing by a preponderance of the evidence that a defendant is competent to stand trial. *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1990) (citations omitted). The test for competency to stand trial is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996).

## DISCUSSION

I.  **Whether Burshia Stands Competent for Trial**

Burshia's counsel argues that Burshia lacks the ability to participate in his defense. (Doc. 169 at 2.) "Defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." *Medina v. California*, 505

4

U.S. 437, 450 (1992). The Eleventh Circuit similarly concluded that defense counsel remains "in the best position to determine whether [a] defendant's competency is suspect" as "legal competency is primarily a function of a defendant's role in assisting counsel in conducting the defense." *Watts v. Singletary*, 87 F.3d 1282, 1287 (11th Cir. 1996).

A preponderance of the evidence supports the conclusion that Burshia presently suffers from a mental disease or defect rendering him mentally incompetent, such that he cannot properly assist in his defense. The Bureau of Prisons' evaluations failed to assess whether Burshia can assist his counsel in his defense. O'Connor Pennuto's and Jones's assessments indicate that Burshia presents some low average cognitive functioning and histrionic traits and demonstrates his tendencies to malinger. (Doc. 155 at 25, 33–34; Doc. 173.) O'Connor Pennuto and Jones concluded that Burshia's conditions had no effect on his ability to understand the legal processes and nature and consequences of his actions. (Doc. 173.) O'Connor Pennuto's and Jones's conclusions fail to consider how Burshia's diagnoses and specifications may present challenges to his ability to assist in his defense.

Burshia's behavior at the hearing supports the conclusion that Burshia remains unable to engage meaningfully in the legal process and his defense. Burshia made several spontaneous statements while testifying before the Court. Burshia's

statements often appeared irrelevant or inconsistent with the questions asked by Burshia's counsel. Burshia's prior letters to the Court further demonstrate some concerns regarding Burshia's mental fitness. (Doc. 169-1.)

Burshia's counsel noted difficulties in representing Burshia. Burshia's counsel specifically reported to the Court at the hearing that Burshia's conditions of malingering and histrionic traits have impaired Burshia's ability to assist in counsel's defense of Burshia. Burshia's counsel noted that Burshia lacked logical processes "to consult with" her to "a reasonable degree of rational understanding." *Cooper*, 517 U.S. at 354. Burshia's counsel remains "in the best position to determine whether [Burshia's] competency is suspect." *Watts*, 87 F.3d at 1287. The Government has not proven by a preponderance of the evidence that Burshia is competent to stand trial.

**II.    Whether the Court May Commit Burshia to Bureau of Prison Custody**

The Government argues that under 18 U.S.C. § 4241(d) the Court may only commit Burshia to the custody of the Bureau of Prisons to determine whether Burshia proves restorable. (Doc. 171 at 7–8.) Burshia's counsel asserts that 18 U.S.C. § 4241(d) mandates the Court to proceed under 18 U.S.C. §§ 4246 and 4248 upon a finding that Burshia remains incompetent to stand trial. (Doc. 172 at 3–4.) The Court agrees.

Courts "shall commit [a] defendant to the custody of the Attorney General" when a court finds that a defendant "presently suffer[s] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The Attorney General must hospitalize a defendant in a "suitable facility" for a (1) "reasonable period of time, not to exceed four months;" or (2) for "an additional reasonable period of time" until a court determines that a "substantial probability" exists that a defendant "will attain the capacity to permit the proceedings to go forward" or until "the pending charges against [a defendant] are disposed of according to law." 18 U.S.C. § 4241(d).

The Court twice previously has committed Burshia to the custody of the Attorney General for restoration proceedings. (Doc. 82 and Doc. 141.) The Court now has determined, after two attempts at restoration over a period of three years, that Burshia remains incompetent to stand trial as the record indicates, by a preponderance of the evidence, that Burshia cannot assist in his own defense. Sections 4246 and 4248 of Title 18 of the U.S. code apply in situations where a "defendant's mental condition has not so improved as to permit the proceedings to go forward" after "the [reasonable] time period" has lapsed. 18 U.S.C. § 4241(d).

The provisions of § 4246 and §4248 plainly require a court to commit a defendant to the custody of the Attorney General for further evaluations. Section

7

4246 would require a court to conduct a hearing to determine whether a defendant "presently suffer[s] from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" upon receiving a certification from the Bureau of Prisons. Section 4248 would require a court to conduct a similar hearing to determine whether clear and convincing evidence supports that a defendant "is a sexually dangerous person" upon receiving a certification from the Bureau of Prisons.

The Court twice has committed Burshia to the custody of the Attorney General for competency restoration. (Doc. 82 and Doc. 141.) The Court has determined again that Burshia remains incompetent to proceed. A period of three years has passed since Burshia's initial competency evaluation by the Bureau of Prisons and the recent competency hearing. A "substantial probability" fails to exist that Burshia "will attain the capacity to permit the proceedings to go forward" within an "additional reasonable period of time." 18 U.S.C. § 4241(d). Burshia's mental condition has failed to improve to permit proceedings to go forward. *Id*.

The Court will proceed with further evaluations to determine whether Burshia's mental conditions satisfy the standards set forth in § 4246 and § 4248. The Court remains greatly concerned regarding the potential danger that Burshia poses to the community considering the nature of the allegations against him. It falls to the Attorney General to make the determination whether Burshia poses a substantial risk

8

of bodily injury to another person or whether Burshia is sexually dangerous to others. The Court hereby commits Burshia to the custody of the Attorney General for further proceedings.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Burshia will be transferred to a Federal Medical Center as soon as practicable where he can undergo further proceedings for a period of 45 days. 18 U.S.C. § 4247(b).

2. Burshia will remain committed to the custody of the Attorney General for hospitalization and treatment at the Federal Medical Center to determine whether clear and convincing evidence supports that Burshia's mental disease or defect will create a substantial risk of bodily injury to another person or serious damage to property of another or whether Burshia is sexually dangerous to others. 18 U.S.C. §§ 4246 and 4248.

3. The director of the Federal Medical Center may apply for a reasonable extension of the commitment, if necessary, but such an extension may not exceed thirty days. 18 U.S.C. § 4247(b).

4. The Attorney General or his representative at the Federal Medical Center to which Burshia is committed for the proceedings shall promptly notify

9

the Court of the determination made regarding whether civil commitment proves appropriate given Burshia's conditions.

5. The final pretrial conference and jury trial are vacated. All time between the date of this Order and the date of the post-examination hearing is excluded from Burshia's speedy trial calculation. 18 U.S.C. § 3161(h)(1)(A).

6. The Clerk of Court is directed to provide the United States Marshal Service with a copy of this Order. Any correspondence from the Federal Medical Center to the Court will be e-mailed to sara_luoma@mtd.uscourts.gov.

7. Burshia's Motion to Sever Count III (Doc. 52) is **DENIED** as moot.

DATED this 27th day of January, 2026.

_____
Brian Morris, Chief District Judge
United States District Court